UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CIVIL ACTION

VERSUS                                       NUMBER: 15-5210

MELINDA L. DUNCAN                            SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service ("IRS") Summons. (Rec. doc. 1). A review of the record reveals that the Respondent, Melinda L. Duncan ("Duncan"), was duly served, via domiciliary service, with a copy of the Petition on December 10, 2015. (Rec. doc. 7). Along with a copy of the Petition, Duncan was also served with an Order to Show Cause on Summary Proceedings, directing her to show cause before the undersigned on December 15, 2015 at 1:30 p.m. as to why she should not be compelled to obey the IRS summons served upon her. (Rec. docs. 5, 7). The Order to Show Cause also afforded Duncan 14 days from the date that she was served within which to file a written response or motion, if any, to the United States' Petition, absent which any uncontested allegations set forth in the Petition would be deemed admitted. (Rec. doc. 5). Despite being served with the Petition and the Order to Show Cause, Duncan failed to appear before the undersigned on December 15, 2015 (rec. doc. 8) and she has not filed a response to the Petition. For the reasons that follow, it is recommended that the Government's Petition be granted and that the summons be enforced.

Serina Peltier, a Revenue Officer with the IRS, commenced an investigation into the tax liability of Duncan for the years 2011 through 2013. (Rec. doc. 1). In connection with that investigation, on April 14, 2015, pursuant to the provisions of 26 U.S.C. §7602, Peltier

issued an IRS Summons to Duncan, directing her to appear on May 20, 2015 to testify and to produce books, records, and other documents bearing on her unpaid tax liabilities. (*Id.*). Duncan failed to appear in response to the IRS summons. (*Id.*). The United States of America thus petitions the Court to order Duncan to comply with the IRS summons. As noted above, Duncan failed to appear before the undersigned to show cause why the summons should not be enforced nor has she otherwise challenged the action sought by the IRS.

The IRS is authorized to issue summonses to compel any person who has possession of books, papers, or other data to produce such materials when needed by the IRS to determine the correctness of the tax return or otherwise to determine the tax liability of an individual. *United States v. Barrett*, 837 F.2d 1341, 1344 (5th Cir. 1988)(en banc), *cert. denied*, 492 U.S. 926 (1989). If the person does not comply with the summons, the IRS can file a petition for enforcement with the district court. *Id.*

In *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the United States Supreme Court set forth four criteria that the IRS must establish to have a summons enforced:

> (1) The IRS agent must show that the investigation will be conducted pursuant to a legitimate purpose;
> (2) That the inquiry may be relevant to the purpose;
> (3) That the information sought is not already within the IRS's possession; and,
> (4) That the administrative steps required by the Code have been followed.

*Id.*

Once the Government has carried its burden of proving the above requirements, the burden shifts to the party resisting the summons to challenge it on any appropriate ground. *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). While a proceeding to enforce a summons is an adversarial proceeding, it is not intended to be a full-blown trial but rather a

2

summary proceeding. *Id.* The Court's only task is to determine whether the summons should or should not be enforced. *Barrett*, 837 F.2d at 1344. This inquiry is limited to ensuring that the Government has complied with the four *Powell* criteria and that the Court's process is not being abused. If good faith and legitimate purposes are found to exist, the summons should be enforced. *Id.* If they are not present, enforcement should be denied. *Id.*; *United States v. Trenk*, No. 06-CV-1004, 2007 WL 174327 at *3 (D. N.J. 2007)("When the taxpayer does not refute the prima facie case or cannot factually support an affirmative defense, the court should enforce the summons without an evidentiary hearing."); *see also United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971)("Before the government is called upon to make this showing, the summoned party must raise in a substantial way the existence of substantial deficiencies in the summons proceeding. Only when so raised is there a need for an evidentiary hearing …").

Through its Petition and at the oral show cause hearing, the Government, through Revenue Officer Peltier, has made a prima facie case for enforcement of the summons by the IRS to Duncan. Duncan neither objected to the Petition nor appeared at the show cause hearing. Duncan has, thus, failed to carry her burden of demonstrating that the *Powell* criteria have not been met. Accordingly, it will be recommended that the Petition to Enforce IRS Summons be granted and that Melinda L. Duncan be ordered to comply with the summons.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Petition to Enforce Internal Revenue Service Summons (rec. doc. 1) be GRANTED and that Melinda L. Duncan be ordered to comply with the summons.

3

The Government has also moved the Court for its costs and fees incurred with having had to bring this action. The Government's right to file the appropriate motion to recover such costs and fees is hereby preserved, should circumstances so warrant.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [1]

New Orleans, Louisiana, this  7th  day of  January  2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4